## Sassaman v. Sassaman et al.

*John P. Wanner*, for plaintiff.

*J. Wilmer Fisher*, for guardian ad litem.

HESS, J., June 26, 1951.—Rose Sassaman has filed a complaint in divorce alleging indignities, against her husband, Julius Sassaman, an inmate of the Wernersville State Hospital. On motion of plaintiff, John F. Cooney was appointed guardian ad litem for defendant. The master has filed a report recommending a decree in divorce.

A reading of the record would indicate that there are adult children of the parties and that the guardian ad litem, in order to perform his duties, conscientiously endeavored to secure their names and addresses from plaintiff so that they might be interviewed and possibly called as witnesses. The record also indicates that plaintiff's counsel suggested that the children be produced as witnesses and that plaintiff refused to have her children called as witnesses. It may well be that if the children were called as witnesses they would corroborate their mother. The testimony submitted would appear to justify the granting of a divorce, but under the circumstances we cannot on the present record decree a divorce. Defendant is a ward of this court, committed to a mental institution by an order of the court. The guardian ad litem is an officer of the court appointed to protect the interests of our ward. Under the circumstances, we will not decree a divorce when plaintiff refuses to coöperate with the guardian ad litem in his effort to investigate all pertinent facts, among which is his commendable desire to talk with the children of the parties so that he can decide whether or not to call them as witnesses in this proceeding.

Section 45 of the Act of May 2, 1929, P. L. 1237, provides that if a wife plaintiff "have sufficient means,

the court, or the judge, may provide for the support of the insane husband," by a proper order against the wife. The record is bare of any testimony which would enable the court to pass upon that question.

The record indicates that original process, i.e., the complaint, was served upon the guardian ad litem and not upon defendant. Pa. R. C. P. 2055(a) permits plaintiff at his option to serve the original process upon either the incompetent or his guardian. Section (b) of the same rule provides that: "Any pleading or other paper may be served on the incompetent's guardian or guardian ad litem or his attorney of record." It would thus appear that the rules make a distinction between a guardian of the person or estate of an incompetent and a guardian ad litem, and the original process may be served upon a guardian but not upon a guardian ad litem although all other pleadings may be served upon a guardian ad litem. In this conclusion we are in accord with the opinion of Rice, P. J., in Smith v. Smith, 56 D. & C. 279, 282, when he states:

"Our conclusion is, therefore, that section 30 of the Divorce Law of 1929, is suspended by Pa. R. C. P. 2075 insofar as said section provides that service of the subpoena must be made on the committee of the lunatic respondent and that, according to Pa. R. C. P. 2055, which determines the person upon whom the subpoena may be served, service of the subpoena on the guardian ad litem of the lunatic respondent is unauthorized and irregular."

It would appear that the same reasoning is applicable to cases under the new rules of practice relative to divorce wherein the original process is the complaint and a subpoena has been abolished. So that any question of jurisdiction may be eliminated, and in view of the fact that for the reasons we previously set forth it will be necessary to recommit the record to the mas-

ter, we suggested that the complaint be served upon defendant in accordance with what would appear to be the proper practice when he is represented on the record by a guardian ad litem and not by a guardian.

And now, to wit, June 26, 1951, the proceedings and the record are remitted to the master for the purpose of complying with the suggestions we have set forth in this opinion.